## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MAUREEN MCCARTHY,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>BOSTON MEDICAL CENTER,<br><br>　　　Defendant. | Civil Action No. 1:22-cv-11886-RGS |

## <u>DEFENDANT BOSTON MEDICAL CENTER'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant Boston Medical Center ("BMC" or "Defendant"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses in response to the Complaint of Plaintiff, Maureen McCarthy ("Plaintiff"), in connection with the above-captioned action.

## <u>INTRODUCTORY STATEMENT</u>

1.　　With regard to the allegations contained in the introduction paragraph of the Complaint, Defendant is not required to provide a response to the allegations, as they merely state an affirmation of what Plaintiff alleges in this action.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 1.

## <u>JURISDICTION AND VENUE</u>

2.　　The allegations contained in Paragraph 2 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 2.

**PARTIES**

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's current residence.

4.     Defendant admits that it has a principal place of business at One Boston Medical Center Place, Boston, MA 02118.   Further responding, Defendant states that the remaining allegations contained in Paragraph 4 state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**EEOC CHARGE**

5.     The allegations contained in Paragraph 5 state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"); that the EEOC issued a Determination and Notice of Rights on August 25, 2022; and that the Complaint in this case was filed within 90 days of August 25, 2022.  Defendant denies all other allegations in Paragraph 5.

**FACTS**

6.     Defendant admits Plaintiff commenced employment as a staff nurse on December 18, 2000 and was separated from her employment on October 18, 2021.  Further responding, Defendant lacks sufficient knowledge and information to respond to the allegation that Plaintiff "is a Christian" and therefore denies it and calls upon Plaintiff to prove the same.

7.     The allegations contained in Paragraph 7 refer to the COVID-19 Immunization Policy, which is a written document that speaks for itself.   Defendant denies any mischaracterization of the language or import of the document.

8.      The allegations contained in Paragraph 8 refer to the COVID-19 Immunization Policy, which is a written document that speaks for itself.   Defendant denies any mischaracterization of the language or import of the document.

9.      Defendant objects to Paragraph 9 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant states the allegations contained in Paragraph 9 and its footnote refer to a Centers for Disease Control & Prevention ("CDC") letter addressed to an individual and a statute which are written documents that speaks for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

10.     The allegations contained in Paragraph 10 refer to the Plaintiff's exemption request, which is a written document that speaks for itself.  Defendant denies any mischaracterization of the language or import of the document.   Further responding, Defendant lacks sufficient knowledge and information to respond to the allegation that Plaintiff "had recovered from COVID-19 and had the benefits of infection-based (natural) immunity" and therefore denies them and calls upon Plaintiff to prove the same.

11.     Defendant admits it denied Plaintiff's request for an exemption and separated her from her employment on October 18, 2021.  Further responding, Defendant states that the allegation it "did not engage in any meaningful interactive process to determine whether it could accommodate Plaintiff's request" is legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies this allegation.  The remaining allegations contained in Paragraph 11 of the Complaint refer to written documents which speak for themselves, and Defendant denies any mischaracterization of the language or import of the documents.

12.     Defendant states that the allegation "Defendant could have accommodated Plaintiff's request without undue hardship" is a legal conclusion to which no response is required.

To the extent an answer is required, Defendant denies this allegation.  Further responding, Defendant objects to Paragraph 12 of the Complaint as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant states the allegations contained in Paragraph 12 and its footnotes refer to written documents that speak for themselves, and Defendant denies any mischaracterization of the language or import of the documents.

13.     Defendant objects to Paragraph 13 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 13 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

14.     Defendant objects to Paragraph 14 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 14 and therefore denies them and calls upon Plaintiff to prove the same.

15.     Defendant objects to Paragraph 15 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 16 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 15 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

16.     Defendant objects to Paragraph 16 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in

Paragraph 16 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 16 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

17.     Defendant objects to Paragraph 17 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 17 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 17 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

18.     Defendant objects to Paragraph 18 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 18 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 18 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

19.     Defendant objects to Paragraph 19 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 19 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 19 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

20.    Defendant objects to Paragraph 20 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 20 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 20 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

21.    Defendant objects to Paragraph 21 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 21 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 21 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

22.    Defendant objects to Paragraph 22 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 22 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 22 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

23.    Defendant objects to Paragraph 23 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 23 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent

an answer is required, Defendant states the footnote references and quotations contained in Paragraph 23 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

24.     Defendant objects to Paragraph 24 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 24 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 24 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

25.     Defendant objects to Paragraph 25 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 25 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 25 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

26.     Defendant objects to Paragraph 26 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 26 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 26 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

27.     Defendant objects to Paragraph 27 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 27 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 27 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

28.     Defendant objects to Paragraph 28 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 28 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 28 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

29.     Defendant objects to Paragraph 29 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 29 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 29 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

30.     Defendant objects to Paragraph 30 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 30 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent

an answer is required, Defendant states the footnote references and quotations contained in Paragraph 30 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

31.     Defendant objects to Paragraph 31 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 31 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 31 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

32.     Defendant objects to Paragraph 32 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 32 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 32 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

33.     Defendant objects to Paragraph 33 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 33 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 33 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

34.     Defendant objects to Paragraph 34 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 34 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 34 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

35.     Defendant objects to Paragraph 35 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 35 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 35 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

36.     Defendant objects to Paragraph 36 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 36 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 36 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

37.     Defendant objects to Paragraph 37 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 37 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent

an answer is required, Defendant states the footnote references and quotations contained in Paragraph 37 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

38.   Defendant objects to Paragraph 38 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 38 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 38 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

39.   Defendant objects to Paragraph 39 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 39 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 39 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

40.   Defendant objects to Paragraph 40 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 40 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 40 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

41.     Defendant objects to Paragraph 41 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 41 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 41 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

42.     Defendant objects to Paragraph 42 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 42 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 42 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

43.     Defendant objects to Paragraph 43 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 43 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 43 are written documents that speak for themselves.  Defendant denies any mischaracterization of the language or import of the documents.

44.     Defendant objects to Paragraph 44 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 44 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent

an answer is required, Defendant states the footnote references and quotations contained in Paragraph 44 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

45.   Defendant objects to Paragraph 45 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 45 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 45 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

46.   Defendant objects to Paragraph 46 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations contained in Paragraph 46 and therefore denies them and calls upon Plaintiff to prove the same.  To the extent an answer is required, Defendant states the footnote references and quotations contained in Paragraph 46 are written documents that speak for themselves.   Defendant denies any mischaracterization of the language or import of the documents.

47.   Defendant objects to Paragraph 47 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  Defendant further states that the CDC guidance is a written document that speaks for itself and denies any mischaracterization of the language or import of the document.

48.   Defendant objects to Paragraph 48 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 48 and therefore denies them and calls upon Plaintiff to prove the same.

49.     Defendant objects to Paragraph 49 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 49 and therefore denies them and calls upon Plaintiff to prove the same.

50.     Defendant objects to Paragraph 50 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 50 and therefore denies them and calls upon Plaintiff to prove the same.

51.     Defendant objects to Paragraph 51 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 51 and therefore denies them and calls upon Plaintiff to prove the same.  Defendant further states that the Massachusetts Department of Public Health data is from a written document that speaks for itself and denies any mischaracterization of the language or import of the document.

52.     Defendant objects to Paragraph 52 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 52 and therefore denies them and calls upon Plaintiff to prove the same.  Defendant further states that the Massachusetts Department of Public Health data is from a written document that speaks for itself and denies any mischaracterization of the language or import of the document.

53.     Defendant objects to Paragraph 53 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 53 and therefore denies them and calls upon Plaintiff to prove the same.

54.     Defendant objects to Paragraph 54 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 54 and therefore denies them and calls upon Plaintiff to prove the same.  Defendant further states that the Massachusetts Department of Public Health data is from a written document that speaks for itself and denies any mischaracterization of the language or import of the document.

55.     Defendant states that the allegations contained in Paragraph 55 reference a written document, Defendant's Immunization Policy, which speaks for itself and denies any mischaracterization of the language or import of the document.  Further responding, Defendant states it lacks sufficient knowledge and information to respond to the remaining allegations set forth in Paragraph 55 and therefore denies them and calls upon Plaintiff to prove the same.

56.     Defendant admits Plaintiff was separated from her employment for failing to comply with Defendant's Immunization Policy.  Defendant denies all remaining allegations contained in Paragraph 56.

## CLAIM FOR RELIEF

## COUNT I

Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)
BMC discriminated against Plaintiff on the basis of her religion

57.     Defendant repeats and incorporates herein by reference its responses to Paragraph 1-56 above.

58.     The allegations in Paragraph 58 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 58.

59.     Defendant admits only that Plaintiff requested an exemption to its Immunization Policy based on asserted religious beliefs and denies all remaining allegations contained in Paragraph 59.

60.     Defendant admits only that Plaintiff's request for an exemption was denied and she was separated from her employment for failure to comply with the Immunization Policy. Defendant denies all remaining allegations contained in Paragraph 60.

61.     The allegations in Paragraph 61 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 61.

62.     The allegations in Paragraph 62 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 62.

63.     The allegations in Paragraph 63 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 63.

64.     The allegations in Paragraph 64 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 64.

65.     The allegations in Paragraph 65 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 65.

66.     The allegations in Paragraph 66 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

**COUNT 2**
Violation of the Massachusetts General Laws Chapter 151B
BMC discriminated against Plaintiff on the basis of her religion

68.     Defendant repeats and incorporates herein by reference its responses to Paragraphs 1-67 above.

69.     The allegations in Paragraph 69 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 69.

70.     Defendant admits only that Plaintiff requested an exemption to its Immunization Policy based on asserted religious beliefs and denies all remaining allegations contained in Paragraph 70.

71.     Defendant admits only that Plaintiff's request for an exemption was denied and she was separated from her employment for failure to comply with the Immunization Policy. Defendant denies all remaining allegations in Paragraph 71.

72.     The allegations in Paragraph 72 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 72.

73.     The allegations in Paragraph 73 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 73.

74.     The allegations in Paragraph 74 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 74.

75.     The allegations in Paragraph 75 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 75.

76.     The allegations in Paragraph 76 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 76.

77.     The allegations in Paragraph 77 state legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

## PRAYER FOR RELIEF

The Request for Relief merely states the relief sought by Plaintiff, with which Defendant disagrees and to which no response is required.  To the extent the allegations in the Request may be deemed to require a response, they are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiff is estopped from pursuing claims in the Complaint by reason of her own actions and course of conduct.

### Third Affirmative Defense

The Complaint, and each claim therein, is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendant were the result of legitimate business necessities.

### Fifth Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendant were undertaken for legitimate non-discriminatory reasons.

### Sixth Affirmative Defense

The Complaint, and each claim therein, is barred because Plaintiff's request for exemption from the vaccination requirement would have posed an undue hardship on Defendant.

### Seventh Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendant were necessary to achieve a valid interest.

### Eighth Affirmative Defense

The Complaint, and each claim therein, is barred under the statute of limitations for each claim.

### Ninth Affirmative Defense

Any recovery should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by principles of waiver, release, estoppel, laches, and/or unclean hands.

### Eleventh Affirmative Defense

The Complaint fails to state facts sufficient to constitute a valid claim for punitive damages.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred in whole or in part on the grounds that Defendant's actions have been taken in good faith, and in conformity with, and in reliance upon, written administrative regulations, orders, rulings, guidelines, approvals, interpretations, practices, and/or enforcement policies of government agencies, and on the basis of a good faith and reasonable belief that they had complied fully with Massachusetts and/or federal law.

**Thirteenth Affirmative Defense**

To the extent Plaintiff has suffered any legally cognizable injuries, damages, or harm, which Defendant denies, their claims are barred, in whole or in part, because at all relevant times Defendant has operated their business in compliance with applicable laws and regulations.

**Fourteenth Affirmative Defense**

Defendant at all material times made good faith efforts to comply with its obligations under applicable laws.

**Fifteenth Affirmative Defense**

To the extent any of Plaintiff's allegations have not specifically been denied above, they are hereby denied by Defendant.

Because the Complaint is phrased in conclusory terms and discovery has not commenced in earnest, Defendant cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant respectfully requests that this Court:

    (a)    dismiss the Complaint in its entirety;

    (b)    enter judgment for Defendant on all claims against it;

    (c)    award Defendant its costs and attorneys' fees, as appropriate; and

    (d)    grant such other relief as the Court deems just and proper.

January 9, 2023

Respectfully submitted,

BOSTON MEDICAL CENTER,

By its attorneys,

*/s/ Jamie L. Kessler*

Jamie L. Kessler (BBO #681867)
Jeanette M. Martinez Figueroa (BBO #707465)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA  02116
T: 617-367-0025
jamie.kessler@jacksonlewis.com
jeanette.piagetfigueroa@jacksonlewis.com

## CERTIFICATE OF SERVICE

This hereby certifies that on this 9th day of January 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail and first-class mail to non-registered participants.

*/s/ Jamie L. Kessler*
Jamie L. Kessler

4863-5594-0680, v. 2