UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAUREEN MCCARTHY,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON MEDICAL CENTER,<br><br>    Defendant. | Civil Action No. 1:22-cv-11886-RGS |

**DEFENDANT BOSTON MEDICAL CENTER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Boston Medical Center ("Defendant" or "BMC") respectfully submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings ("Motion") with respect to all claims alleged by Plaintiff Maureen McCarthy in her Complaint. Specifically, BMC moves to dismiss Plaintiff's Complaint because she has failed to plausibly allege that the beliefs which prevented her from receiving the COVID-19 vaccine, as required by BMC's neutral employment policy, were religious. As set forth below, the Court should grant BMC's Motion and dismiss Plaintiff's Complaint in its entirety with prejudice.

**PRELIMINARY STATEMENT**

Plaintiff's litany of citations to news and academic publications alleging the COVID-19 vaccine does not provide immunity to the virus are a mere distraction and this Court should reject them as such. This action involves a straightforward claim of religious discrimination premised on BMC's decision to deny Plaintiff's request for an exemption to its immunization policy. Plaintiff's only causes of action are Title VII and M.G.L. c. 151B.

Debates on the efficacy of the COVID-19 vaccine are irrelevant to Plaintiff's discrimination claims. To the contrary, this extraneous information in Plaintiff's Complaint purporting to show vaccines are ineffective demonstrates that she has couched personal beliefs and

1

medical judgment in religious vocabulary and that she does not have a sincerely held "religious belief" precluding her from receiving the vaccine.

Similarly, the beliefs expressed in Plaintiff's exemption request submitted to BMC consist of what is, at best, the sort of isolated teaching ("my body is a temple") that has been rejected by courts as not religious in nature. Plaintiff's belief appears to be based on medical judgments on the efficacy of the COVID-19 vaccine versus her self-diagnosed "natural immunity" - rather than a religious conviction. Therefore, BMC is entitled to judgment on the pleadings because Plaintiff's beliefs are not religious beliefs requiring an accommodation pursuant to Title VII and M.G.L. c. 151B.

## I.   BACKGROUND[1]

Boston Medical Center is a not-for-profit medical center located in Boston's South End which provides a comprehensive range of inpatient, clinical, and diagnostic services. In August 2021, BMC implemented its COVID-19 Immunization Policy, which stated "all individuals working or volunteering at BMC work locations must be immunized against COVID-19." Doc. No. 1, Compl. ¶ 7; Doc. No. 1-1, Ex. A p. 1.[2] The policy permitted employees to seek a medical or religious exemption from the immunization requirement. *Id*. The deadline for compliance with the immunization policy was October 15, 2021. Doc. No. 1-3, Ex. C p. 2. The policy also informed employees that "[i]ndividuals who do not comply with this policy…will be subject to disciplinary action up to and including termination of their employment." Doc. No. 1-1, Ex. B p. 2.

Plaintiff was employed by BMC as a Staff Nurse. Doc. No. 1, Compl. ¶ 6. On or about September 16, 2021, Plaintiff submitted a request for exemption from BMC's immunization policy

---

[1] The facts as set forth in the parties' pleadings and documents referenced therein are undisputed.
[2] Defendant will refer to the pleadings and documents filed with the pleadings as Doc. No. __-__, Ex. No., paragraph or page.

on the basis of her religious beliefs. Doc. No. 1, Compl. ¶ 10.  In her exemption request form, Plaintiff stated:

> I can not accept the Covid-19 vaccine due to my sincerely held religious beliefs. I believe that receiving this vaccine would be a violation of conscience as a Christian who believes in the Bible, specifically the King James version. I feel that this vaccine would violate the principles laid out in God's word, I believe my body is a temple for the Holy Spirit. It is a God given responsibility and requirement for me to protect the physical and spiritual integrity of my body (Rev. 14:9-11, 19:20).

Doc. No. 1-2, Ex. B p. 6.  Plaintiff also stated that the results of an antibody test she allegedly took on September 1, 2021 demonstrated that she still had Covid 19 antibodies in her system from when she contracted the virus at an undisclosed date. *Id*.

BMC denied Plaintiff's request for an exemption on September 24, 2021. Doc. No. 1-3, Ex. C p. 2.  BMC's exemption response letter stated that it assessed Plaintiff's request based on three criteria: "(1) Is the belief religious?; (2) Is the belief sincerely held? and; (3) Would providing a reasonable accommodation…impose an undue hardship on the hospital?" *Id*.  BMC informed Plaintiff that "the essential functions of [her] job require [her] to interact with patients, many of whom are already vulnerable." *Id*.  The letter explained that "[g]iven the significant increase in COVID-19 transmission in recent weeks, [BMC] was concerned that it would not be safe for patients…if [she has] not been vaccinated against COVID-19." *Id*.  The letter did not state whether or not BMC reached a conclusion as to Plaintiff's stated religious beliefs. *Id*.  Plaintiff was given until October 15, 2021 to receive at least the first of the two-shot Pfizer or Moderna vaccine regimen or the single shot of the J and J vaccine. *Id*.; Doc. No. 1, Compl. ¶ 11.

On October 18, 2021, BMC terminated Plaintiff's employment because she was "not compliant with [the] workplace [immunization] requirement." Doc. No. 1-4, Ex. D p. 2; Doc. No. 1, Compl. ¶6.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 30, 2021. *See* Doc. No. 1, Compl. ¶ 5; Exhibit. 1, Charge of

Discrimination.³  Plaintiff alleged therein that she "submitted the required documentation requesting a religious exemption from the Covid 19 vaccination", which was denied, and she believed she was discriminated against because of her religious beliefs. *See* Exhibit 1.  The EEOC issued a Right to Sue notice on August 25, 2022. Doc. No. 1, Compl. ¶ 5.

Plaintiff filed this complaint on November 8, 2022.  In the Complaint, Plaintiff alleges she "is a Christian" and she "submitted a request for exemption from Defendant's policy on the basis of her religious beliefs." Doc. No. 1, Compl. ¶¶ 6, 10.  Plaintiff further alleges that she "had the benefit of infection-induced (natural) immunity." *Id*. at ¶ 10.  She further claims that, because of her "natural immunity", she "presented less of a risk than employees who had been injected with the products advertised as COVID-19 vaccines." *Id*. at ¶ 55.  Based on this belief, Plaintiff claims BMC should have granted her request for a religious exemption to the Immunization Policy. *Id*. at ¶ 56.

## II.  STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c).  A motion pursuant to Fed. R. Civ. P. 12(c) "for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008), although a Rule 12(c) motion "implicates the pleadings as a whole." *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 55 (1st Cir. 2006).  "Because a Rule 12(c) 'motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom' in the nonmovant's

---

³ Defendant will refer to documents referenced in the pleadings and attached herein as Exhibit Number, Title of Document.  In evaluating a Rule 12(c) motion, the Court may consider documents the authenticity of which is not disputed by the parties, as well as documents central to the plaintiff's claim and documents sufficiently referred to in the Complaint. *See Santiago v. Bloise*, 741 F. Supp. 2d 357, 361 (D. Mass. 2010) (citing *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007)).  The authenticity of Plaintiff's charge of discrimination is not disputed, it is referenced in the Complaint, and it is central to Plaintiff's claims and Defendant's defenses thereto.  Thus, the Court may consider this document without converting this Motion to one for summary judgment.

favor." *Santiago v. Bloise*, 741 F. Supp. 2d 357, 360 (D. Mass. 2010) (quoting *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006)). "The Court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and taking judicial notice of appropriate facts." *Esoterix Genetic Labs, LLC v. Qiagen Inc.*, 2016 U.S. Dist. LEXIS 117447, at *19-20 (D. Mass. Aug. 31, 2016); *see also Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (explaining that the court "may consider documents the authenticity of which are not disputed by the parties…documents central to plaintiffs' claim; and documents sufficiently referred to in the complaint").

Based on the agreed-upon facts of the pleadings and the undisputed documents attached to Plaintiff's Complaint and this Memorandum, the Court is able to resolve the limited question of law regarding whether the Complaint plausibly alleges that a sincerely held *religious* belief prevented Plaintiff from receiving the COVID-19 vaccine.

### III. ARGUMENT

Title VII of the Civil Rights Act of 1964 and M.G.L. c. 151B prohibit employers from discriminating against individuals based on religion. *See* 42 U.S.C. § 2000e-2 (a); M.G.L. c. 151B, § 4(1A). "Chapter 151B utilizes an evaluative framework identical to the one applied in federal Title VII accommodation cases." *Brox v. The Woods Hole*, 590 F. Supp. 3d 359, 366 (D. Mass. 2022). In analyzing "[c]laims of religious discrimination under Title VII", courts employ "a two-part framework." *Griffin v. Mass. Dep't of Revenue*, No. 22-cv-11991-FDS, 2023 U.S. Dist. LEXIS 125845, at *8 (D. Mass. July 20, 2023) (quoting *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004). "First, a plaintiff must make a *prima facie* case 'that a *bona fide* religious practice conflicts with an employment requirement and was the reason for the adverse employment action.'" *Id*. *See also Thornton v. Ipsen Biopharmaceuticals, Inc.*, No. 1:23-cv-11171, 2023 U.S. Dist. LEXIS 193116, at *7 (D. Mass. Oct. 26, 2023) (quoting *Sánchez-Rodríguez*

5

*v. AT&T Mobility Puerto Rico, Inc.*, 673 F.3d 1, 12 (1st Cir. 2012).  "Second, if the plaintiff establishes a *prima facie* case, the burden then shifts to the employer to show that it offered a reasonable accommodation," or if it did not, "that doing so would have resulted in undue hardship." *Griffin*, 2023 U.S. Dist. LEXIS 125845, at *8.

The first requirement, that "the employee have a 'bona fide religious belief'", is "an essential element of a religious accommodation claim." *Thornton*, 2023 U.S. Dist. LEXIS 193116, at *7.  "To qualify as a *bona fide* religious practice, a two-part test must be satisfied: the plaintiff must show 'both that the belief or practice is religious and that it is sincerely held.'" *Griffin*, 2023 U.S. Dist. LEXIS 125845 at *8 (quoting *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002)).  BMC concedes for purposes of this motion that Plaintiff's beliefs are sincerely held, but the Complaint must be dismissed because it fails to plausibly allege that her beliefs are religious.

Title VII does not mandate an employer…to accommodate what amounts to a 'purely personal preference.'" *Union Independiente*, 279 F.3d at 56 (quoting *Vetter v. Farmland Indus.*, Inc., 120 F.3d 749, 751 (8th 1997)).  "Some level of inquiry must therefore be undertaken to assess whether a belief arises from a religion, as opposed to some other set of values or beliefs." *Griffin*, 2023 U.S. Dist. LEXIS 125845, at *10.  "[C]ourts are empowered to screen claims of religious discrimination that arise out of *bona fide*, facially neutral employment requirements, where the claim of religious practice appears to be entirely *ad hoc* or otherwise without a plausible factual basis." *Griffin*, 2023 U.S. Dist. LEXIS 125845, at *15.

For Plaintiff's claim of religious discrimination based on BMC's vaccination policy to survive this Motion the Complaint "must allege some plausible set of facts from which it may be reasonably inferred *both* that [the Plaintiff] believes in or practices a particular form of religion

*and* that her religion has a specific tenet or principle that does not permit her to be vaccinated." *Griffin*, 2023 U.S. Dist. LEXIS 125845, at *13 (emphasis in original).  "A belief is religious if it 'addresses fundamental and ultimate questions having to do with deep and imponderable matters,' are "comprehensive in nature," consisting of 'a belief-system as opposed to an isolated teaching,' and are accompanied by 'certain formal and external signs.'" *Thornton*, 2023 U.S. Dist. LEXIS 193116 at *8, (quoting *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487, 491 (3d 2017)); *see also Griffin,* 2023 U.S. Dist. LEXIS 125845, at *10-11.

      a.      **Plaintiff's Complaint Fails To Establish A Sincerely Held "Religious Belief".**

Here, the Complaint contains only a conclusory allegation that Plaintiff requested to be exempted from BMC's Immunization Policy "on the basis of her religious beliefs."  Doc. No. 1, Compl. ¶ 10.  The Complaint does not state what those beliefs were or how they relate to vaccines generally or the COVID-19 vaccine specifically.  Plaintiff's charge of discrimination contains similar conclusory allegations. *See* Exhibit 1.  Given the strong societal interest in public health and the protection of innocent parties from unnecessary exposure to disease, particularly in a hospital setting, a bare bones statement to the effect of "this employment requirement conflicts with my religion" is not sufficient to allege a claim of religious discrimination for failure to accommodate. *See Griffin*, 2023 U.S. Dist. LEXIS 125845, at *14-15.  The only document which explains the beliefs which prevented Plaintiff from receiving the vaccine is Plaintiff's request for exemption.

      b.      **Plaintiff's Exemption Request Failed To Establish A Sincerely Held "Religious Belief".**

The request for exemption Plaintiff submitted to BMC stated that she could not receive the COVID-19 vaccine because her "body is a temple for the Holy Spirit" and she was required to "protect the physical and spiritual integrity of [her] body." Doc. No. 1-2, p. 6.  She did not and

does not allege that her religion requires her to refuse to take vaccines generally or just the COVID-19 vaccine specifically. Courts have consistently held that the same or similar articulated belief as Plaintiff's is not a *bona fide* religious belief but merely a "personal belief" or "isolated teaching." *See Thornton*, 2023 U.S. Dist. LEXIS 193116, at *8-9 (D. Mass. Oct. 26, 2023) (employee's statement that she refused the COVID-19 vaccine because "what God has created is perfect" and that "it would violate my sincerely held religious beliefs…by defiling my perfectly created body that He created in His image by receiving the vaccine" is a personal belief or isolated teaching). *See e.g., Passarella v. Aspirus, Inc.*, No. 22-cv-287, 2023 U.S. Dist. LEXIS 40958, at *5 (W.D. Wis. Mar. 10, 2023) (employee's statement that she refuses the COVID-19 vaccine "as a Christian" because her "body is a temple of the Holy Spirit" was a personal judgment and not a religious belief); *Ellison v. Inova Health Care Servs.*, 1:23-cv-00132, 2023 U.S. Dist. LEXIS 164824, at *11-13 (E.D. Va. Sept. 14, 2023) (employees' statements that they were prohibited from receiving the COVID-19 vaccine because their bodies were "temples of the Holy Spirit" and they had to "protect the physical integrity" of their bodies were not objections based on religious beliefs).

At best, Plaintiff's stated belief can be described as an "isolated moral teaching." It is not a comprehensive system of beliefs about fundamental or ultimate matters. *See Fallon*, 877 F.3d at 492 (employee's refusal of the flu vaccine based on the commandment "Do not harm your own body" was an isolated teaching, which, by itself, was not a comprehensive system of beliefs about fundamental or ultimate matters).

Similar to plaintiffs in *Passarella* (quoted above), Plaintiff couched her request in religious terms, such as "Bible," "God," and "Holy Spirit," but "the use of religious vocabulary does not elevate a personal medical judgment to a matter of protected religion." 2023 U.S. Dist. LEXIS

8

40958, at *14.  Plaintiff's exemption request and Complaint are rife with statements regarding her opinion that, having contracted COVID-19, she should be exempted from the vaccination requirement because "natural immunity" is sufficient and/or superior to vaccination. *See* Doc. No 1, Compl. ¶¶ 1, 10, 12, 55, 56.  These statements make it clear that Plaintiff's objection to the COVID-19 vaccine was based on a medical judgment, <u>not</u> a religious belief. *See e.g. Kiel v. Mayo Clinic Health Sys. Se. Minn.*, 22-cv-1319, 2023 U.S. Dist. 135595, at *21-22 (D. Minn. Aug. 4, 2023) (employee's statement that her "body is a Temple" and it violates her beliefs to put "impure or dangerous" substances into her body are rooted in a medical judgment and is not a religious belief); *Bube v. Aspirus Hosp. Inc.*, 2023 U.S. Dist. LEXIS 164595, at * (W.D. Wis. Sept. 15, 2023) (employees' beliefs that they had antibodies after having Covid and this had the same effect as the vaccine couched within religious vocabulary were objections about personal autonomy and the safety and efficacy of the vaccine, not religious objections).

Consistent with the decisions cited herein, this Court should determine that Plaintiff's Complaint fails to allege a sincerely held <u>religious</u> belief prevented her from receiving the COVID-19 vaccine.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's claim fails as a matter of law.  BMC therefore respectfully submits that Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted,

BOSTON MEDICAL CENTER,

By its attorneys,

*/s/ Jeanette M. Piaget Figueroa*
Jamie L. Kessler (BBO #681867)
Jeanette M. Piaget Figueroa (BBO #707465)
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA  02116
T: 617-367-0025
jamie.kessler@jacksonlewis.com
jeanette.piagetfigueroa@jacksonlewis.com

## CERTIFICATE OF SERVICE

This hereby certifies that on this 7th day of December 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail and first-class mail to non-registered participants.

*/s/ Jeanette M. Piaget Figueroa*
Jeanette M. Piaget Figueroa

4856-4792-2580, v. 2