UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1: 22-cv-11886-RGS

**MAUREEN McCARTHY,**
*Plaintiff*,

v.

**BOSTON MEDICAL CENTER,**
*Defendant*.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDMENT ON THE PLEADINGS

**STANDARD OF REVIEW**

In adjudicating a motion for judgment on the pleadings, the court must "view the facts contained in the pleadings in the light most favorable to the party opposing the motion ... and draw all reasonable inferences in [that party's] favor." *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007). Here, therefore, the Court should view the facts alleged the Complaint in the light most favorable to Plaintiff and draw all reasonable inferences in her favor.

**PRELIMINARY STATEMENT**

Defendant contends that the "litany of citations" in the Complaint (importantly, not in her request for a religious exemption) indicates that Plaintiff lacks a religious belief and that vaccine efficacy is "irrelevant." That is not so. To begin with, when Plaintiff requested a religious exemption from Defendant's mandate, she did not point to lack of efficacy only to her religious beliefs and the fact that she had recovered from COVID-19. In any event, the following two statements are in no sense mutually exclusive: (1) Plaintiff has religious reasons for refusing to be injected with the products, and (2) the products do not work as advertised. The fact that the

vaccines do not work as advertised does not contradict or in any way cut against Plaintiff's own religious reasons for declining to be injected with them.

The reason for the litany of citations in the Complaint is to show that injected and un-injected people alike are at risk of catching and spreading COVID-19, which negates the defense of undue hardship. Paragraph 14 sets the stage for this argument by stating:

> Despite the FDA's claim in August 2021 that the products are effective at preventing COVID-19, it soon became obvious that they are not. The number of prominent political leaders who have received the products and gone on to catch COVID-19 makes the reality difficult to ignore. For example:

The Complaint then lists some of the more high-profile instances of political leaders and public health officials who were injected with the shots (and, in some cases, the boosters) and caught the disease anyway. The point of the "litany" is to demonstrate that Defendant would not have sustained an undue hardship by letting Plaintiff continue working uninjected, as set forth in paragraphs 55-56 of the Complaint, which state:

> The stated reason for requiring employees to be injected with the product was to prevent them from contracting COVID-19 and spreading it to others. Having recovered from COVID-19, Plaintiff presented less of a risk than employees who had been injected with the products advertised as COVID-19 vaccines (products that do not, in fact, prevent recipients from contracting and transmitting COVID-19).
>
> Defendant's express reason for terminating Plaintiff was the fact that Plaintiff had not been injected with a product advertised as a COVID-19 vaccine. At all material times, Defendant knew that: (a) being injected with such a product would not have prevented Plaintiff from contracting and spreading COVID-19; (b) that Plaintiff had the benefit of natural immunity, having recovered from COVID-19; and (c) that Defendant could have accommodated Defendant's request for a religious exemption without undue hardship.

Far from being "irrelevant," as Defendant suggests (Memorandum, p. 1) the contested efficacy of the vaccines is at the heart of the Complaint.

ARGUMENT

**1.      Plaintiff has established a prima facie case of religious discrimination**

To establish a prima facie case of religious discrimination under Title VII of the Civil Rights Act of 1964, § 201, 42 U.S.C. § 2000a, an employee needs to demonstrate:

> (1) a bona fide religious practice conflicts with an employment requirement; (2) that he or she brought the practice to the [employer's] attention; and (3) that the religious practice was the basis for an adverse employment decision.

*Sanchez-Rodriguez v. AT & T Mobility Puerto Rico, Inc.*, 673 F.3d 1, 8 (1st Cir. 2012). Plaintiff satisfies those three factors.  Her Complaint states that Defendant's policy conflicted with her practice as a Christian, that she sought exemption on that basis, and that Defendant terminated her employment because Plaintiff had not complied with the policy.

In paragraph 6 of the Answer, Defendant states that it "lacks sufficient knowledge and information" and therefore denies the allegation.  Defendant admits that it denied Plaintiff's exemption request.  Answer, ¶ 11.  Further, as Defendant states in paragraph 60 of the Answer, "Defendant admits only that Plaintiff's request for an exemption was denied and she was separated from her employment for failure to comply with the Immunization Policy."

**a.      The Complaint establishes a sincerely held religious belief**

Defendant contends that the Complaint "does not state what [Plaintiff's] beliefs were or how they relate to vaccines generally or the COVID-19 vaccine specifically."  Memorandum, p. 7.  In her Complaint, Plaintiff asserts that she is a Christian (Complaint, ¶ 6), something that Defendant denied on the basis that it "lacks sufficient knowledge and information."  Plaintiff also states that she requested a religious exemption from Defendant's vaccine mandate by completing the necessary form, which contained the following instructions:

> In the space below, please provide a personal written and signed statement detailing the religious basis for your vaccination objection, explaining why you are requesting this religious exemption, the religious principle(s) that guide your

> objections to this vaccination, and the doctrinal or religious policy basis that prohibits COVID-19 vaccination. Please attach additional documentation if necessary.

These instructions consist of four overlapping criteria: for example, "detailing the religious basis for your vaccination objection" can consist of an explanation of "why you are requesting this religious exemption," which itself is not conceptually separate from either the "religious principles that guide your objections to this vaccination" or "the doctrinal or religious policy that prohibits COVID-19 vaccination."  There was no minimum word count, and a reasonable person could consider it possible to satisfy the instructions in a few sentences, which Plaintiff did by appending a short statement:

> The purpose of this letter is to notify you that I can not accept the Covid-19 vaccine due to my sincerely held religious beliefs. I believe that receiving this vaccine would be a violation of conscience as a Christian who believes in the Bible, specifically the King James version. I feel that this vaccine would violate the principles laid out in God's word, I believe my body is a temple for the Holy Spirit. It is a God given responsibility and requirement for me to protect the physical and spiritual integrity of my body (Rev 14:9-11, 19:20).
>
> In spite of my sincerely held religious belief, I belong to no religious organization.
>
> I would also like to include that in having had the Covid 19 virus, I continue to have antibodies present in my system as evidenced by a Covid antibody test on 9/1/21. Thank you for your time and attention.

Plaintiff stated her faith (Christian) and explained succinctly why she was requesting the exemption.  The request is attached to the Complaint as Exhibit B and, therefore, forms part of the Complaint.  F. R. Civ. P. 10 (c).  Notably, Defendant does <u>not</u> contend that in a subsequent interactive dialog, which should have followed her request, Plaintiff failed to substantiate her Christian belief.

### b. Plaintiff's exemption request establishes a sincerely held religious belief

In her exemption request, Plaintiff stated in simple terms that (1) she is a Christian, and (2) protecting both the physical and spiritual integrity of her body is a responsibility that comes from God. Plaintiff's statement of her Bible-based belief that her body is a temple of the Holy Spirit is what Defendant now seeks to use against her. On page 8 of Defendant's Memorandum, Defendant characterizes Plaintiff's belief as "[a]t best.. an 'isolated moral teaching'... that has been rejected by courts as not religious in nature" citing *Thornton v. Ipsen Biopharmaceuticals, Inc.*, No. CV 23-11171-JCB, 2023 WL 7116739, at *4 (D. Mass. Oct. 26, 2023).

This Court should not conclude that a Christian's Bible-based belief that her body is a temple of the Holy Spirit is not religious in nature. To do so would make the Court an arbiter of scriptural interpretation.

In *Thornton*, the Court cited *Passarella v. Aspirus, Inc.*, No. 22-cv-287-JDP, 2023 WL 2455681, U.S. Dist. LEXIS 40958, at *5 (W.D. Wis. Mar. 10, 2023), which is currently under appeal, as is the decision in *Thornton*. Defendant also points to the decision of the U.S. District Court in the Eastern District of Virginia, "District courts have routinely rejected similar claim." *Ellison v. Inova Health Care Servs.*, No. 123CV00132MSNLRV, 2023 WL 6038016, at *5 (E.D. Va. Sept. 14, 2023), citing *Passarella*, which is under appeal. Defendant also points to *Kiel v. Mayo Clinic Health Sys. Se. Minnesota*, No. CV 22-1319 (JRT/ECW), U.S. Dist. 135595, at 21-22 (D. Minn. Aug. 4, 2023) and *Bube v. Aspirus Hosp., Inc.*, No. 22-CV-745-JDP, 2023 WL 6037655, at *4 (W.D. Wis. Sept. 15, 2023) both of which are (like *Thornton* and *Passarella*) under appeal.

Certainly, in those cases the employees stated a belief that being injected with the COVID-19 vaccines would conflict with the duty to treat their bodies as the temple of the Holy

Spirit, and in the decisions that Defendant cites the District Courts *did* interpret that expression as *not* religious.  This Court should not follow those decisions, which are based on flawed reasoning that does not comport with the meaning of "religion" as the Supreme Court has defined the term.  Further, not all District Courts categorize the temple-of-the-Holy-Spirit phrase as somehow not religious.  In a case where the employee had used similar language to Plaintiff, the District court for the Eastern District of Pennsylvania reached a different conclusion:

> With regard to the ultimate ideas criterion, Leeck's belief that a "chemical injection" may "deem my body impure in the eyes of the Lord" and her belief that some vaccines are unacceptable because they are developed with the use of aborted fetal cells both deal with life and death, right and wrong, good and evil, and man's place in the universe; therefore, they are concerned with ultimate ideas and are religious in nature. Lehigh points out that Leeck offers other reasons that are not religious. For example, that the vaccine is not "necessary for operation reasons," that it has "not been FDA approved," and that Lehigh's vaccine policies "do not align ... with the morals, beliefs, and guidance of [Leeck's] own personally-held beliefs, morals, and spiritual guidance." The Court agrees that these reasons are more medical or political than they are religious. However, at this stage in the litigation, the presence of reasons that do not satisfy the first criterion need not negate the presence of reasons that do satisfy the criterion. At least some of Leeck's reasons satisfy the first criterion.

*Leeck v. Lehigh Valley Health Network*, No. 5:22-CV-4634, 2023 WL 4147223, at *7 (E.D. Pa. June 23, 2023).  The term "ultimate ideas" comes from the factors used in the Third, Fourth, and Tenth Circuits.  In trying to define the term "religion," those courts consider a belief to be "religious" if it "addresses fundamental and ultimate questions having to do with deep and imponderable matters" based on a theory of "man's nature or his place in the Universe" e.g. *Africa v. Commonwealth of Pennsylvania*, 662 F.2d 1025, 1033 (3rd Cir. 1981) citing *Founding Church of Scientology v. United States*, 409 F.2d 1146, 1160 (D.C.Cir.1969) and *United States v. Meyers*, 95 F.3d 1475, 1483 (10th Cir. 1996).  See also *Versatile v. Johnson*, No. 3:09CV120, 2011 WL 5119259, at *13 (E.D. Va. Oct. 27, 2011), aff'd, 474 F. App'x 385 (4th Cir. 2012).

This Court should not categorize a Christian's statement of belief that the body is the temple of the Holy Spirit as "an isolated teaching" not religious in nature.  Rather, this Court should adopt an approach similar to that of the Third, Fourth, and Tenth Circuits, which would be consistent with the determination by the Supreme Court of the United States that a belief is "religious" if it "occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God." *United States v. Seeger*, 380 U.S. 163, 166, 176 (1965).  Applying that principle, the Supreme Court has long deemed atheism equivalent to a religion for the purposes of the First Amendment. *Wallace v. Jaffree*, 472 U.S. 38, 53 (1985).  Christianity is no less deserving.

Here, Plaintiff did not express a belief *parallel to* that filled by a belief God; rather, by identifying herself as a Christian she expressed a belief *in* God.  As such, what Plaintiff expressed was a religious belief.  As the United States District Court for the District of Massachusetts has stated:

> Few beliefs are entirely isolated from a belief system, and in any event there are not always bright lines that would readily permit beliefs to be sorted into the categories of "religious" and "non-religious."

*Together Emps. v. Mass Gen. Brigham Inc.*, No. CV 21-11686-FDS, (D. Mass. Nov. 10, 2021), aff'd, No. 21-1909, 2022 WL 1236952 (1st Cir. Apr. 27, 2022).  Similarly, the Court of Appeals for the First Circuit has held:

> Religious practices include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views. Religious beliefs protected by Title VII need not be acceptable, logical, consistent, or comprehensible to others.

*E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002) quoting *Thomas v. Review Bd. of Ind. Employment Sec. Div.*, 450 U.S. 707, 714 (1981) (internal citations and quotation marks omitted).  The dearth of bright lines to distinguish religious beliefs from non-religious beliefs arises from the very nature of

human reasoning. As John Locke noted, it is through the "light of Reason" or the "light of Nature" that individuals come to recognize God's existence and their dependence on Him.[1] Given the multi-layered nature of ideas, where an employee has professed a religion (e.g. Christianity) employers should not try to parse that individual's set of beliefs so as to isolate and categorize some as "isolated moral teachings" and others as religious. The Supreme Court of the United States held:

> Particularly in this sensitive area, it is not within the judicial function and judicial competence to inquire whether the petitioner or his fellow worker more correctly perceived the commands of their common faith. Courts are not arbiters of scriptural interpretation.

*Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 716 (1981). Defendant should not expect the Court to get entangled in questions of epistemology and theology by purporting to determine whether Plaintiff's professed Christian belief that her body is the temple of the Holy Spirit is religious. The Court of Appeals for the First Circuit has held that "the court must be careful in separating the verity and sincerity of an employee's beliefs in order to prevent the verdict from turning on the factfinder's own idea of what a religion should resemble." *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 57 (1st Cir. 2002) quoting *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 482 (2nd Cir. 1985), aff'd and remanded, 479 U.S. 60, 107 S. Ct. 367, 93 L. Ed. 2d 305 (1986) (quoting L. Tribe, American Constitutional Law § 14–11, at 861 (1979)) (internal quotation marks omitted).

      Plaintiff stated that as a Christian she believes in a "God given responsibility and requirement for me to protect the physical and spiritual integrity of my body." This is a concise summation that complied with the instructions on Defendant's exemption-request form. The

---

[1] John Locke, An Essay Concerning Human Understanding, bk. III, ch. IX, § 23, at 490 (Peter H. Nidditch ed., Clarendon Press 1975) (4th ed. 1700).

Court should not conclude that Plaintiff's simple statement of faith is anything other than religious in nature.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny the motion.

                                                  Respectfully Submitted
Maureen McCarthy
By Her Attorney:

_/s/ Peter Vickery_
Peter Vickery, Esq.
27 Pray Street
Amherst, MA 01002
BBO# 641574
Tel. (413) 992 2915
December 19, 2023                      Email: peter@petervickery.com

## CERTIFICATE OF SERVICE

I, Peter Vickery, Esq., certify that this day I caused a copy of the foregoing document to be filed through the ECF system so that it will be served on all parties as provided by the Notice of Electronic Filing (NEF).

December 19, 2023                                                               Peter Vickery, Esq.