UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11886-RGS

MAUREEN MCCARTHY

v.

BOSTON MEDICAL CENTER

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS

January 17, 2024

STEARNS, D.J.

Plaintiff Maureen McCarthy filed this action against defendant Boston Medical Center (BMC), asserting that BMC discriminated against her when it denied her request for a religious exemption from its COVID-19 vaccination policy. BMC now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the following reasons, the court will allow the motion.

## LEGAL STANDARD

Where, as here, a party moves for judgment on the pleadings, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom to the nonmovant's behoof." *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178,

182 (1st Cir. 2006). "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." *Id.*

## DISCUSSION

To establish a *prima facie* case of religious discrimination under Title VII and Chapter 151B, McCarthy must demonstrate "that a *bona fide* religious practice conflicts with an employment requirement and was the reason for the adverse employment action." *Griffin v. Massachusetts Dep't of Revenue*, 2023 WL 4685942, at *3 (D. Mass. July 20, 2023), quoting *Cloutier v. Costco Wholesale Corp.*, 390 F.3d 126, 133 (1st Cir. 2004). "A bona fide religious belief is one that is both 'religious' and 'sincerely held.'" *Thornton v. Ipsen Biopharmaceuticals, Inc.*, 2023 WL 7116739, at *3 (D. Mass. Oct. 26, 2023), quoting *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R.*, 279 F.3d 49, 56 (1st Cir. 2002). BMC disputes only whether the pleadings plausibly establish the first element, namely, that McCarthy's belief is religious in nature.

The Complaint itself is devoid of any explanation of McCarthy's beliefs, let alone how they are religious in nature. Attached as an exhibit to the Complaint, however, is McCarthy's initial request for a religious exemption, which includes the following passage:

> I believe that receiving this vaccine would be a violation of conscience as a Christian who believes in the Bible, specifically the King James version. I feel that this vaccine would violate the principles laid out in God's word, I believe my body is a temple for the Holy Spirit. It is a God given responsibility and requirement for me to protect the physical and spiritual integrity of my body (Rev 14:9-11, 19:20).

McCarthy maintains that this paragraph plausibly establishes the existence of a "religious" belief inconsistent with COVID-19 vaccination.

The court disagrees.[1] Nothing in the request for a religious exemption indicates that McCarthy's religion inherently conflicts with obtaining COVID-19 vaccination (*e.g.*, because it requires her to refuse vaccinations in general or even the COVID-19 vaccination in particular). *See Griffin*, 2023 WL 4685942, at *7. Instead, the cited basis for McCarthy's opposition to vaccination appears to be the dictates of her own conscience, which she maintains that her religion requires her to follow. Consistent with the decisions of other courts "faced with the same or similar articulated belief," the court concludes that "such a conviction is not a bona fide religious belief." *Thornton*, 2023 WL 7116739, at *4 (collecting cases). To find otherwise

---

[1] Although a court should not "delve into the merits of a particular religious belief," "a plaintiff who claims exemption from an employment requirement for religious reasons must plead some modicum of plausible facts sufficient to create an inference that the conflict arises from some specific religious tenet or principle." *Griffin*, 2023 WL 4685942, at *4, *6.

would be to impermissibly make BMC beholden to McCarthy's personal preferences, as *any* policy violation could be framed as an expression of her religious belief. *See Union Independiente*, 279 F.3d at 56 ("Title VII does not mandate" that an employer "accommodate what amounts to a 'purely personal preference.'"), quoting *Vetter v. Farmland Indus., Inc.*, 120 F.3d 749, 751 (8th Cir. 1997); *Griffin*, 2023 WL 4685942, at *4, *6 ("A stated claim of religious belief, without more, cannot grant an individual a blanket privilege to make his own standards on matters of conduct in which society as a whole has important interests.") (internal quotation marks and citations omitted).

## ORDER

For the foregoing reasons, the motion for judgment on the pleadings is <u>ALLOWED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE